## WILLIAM PEDRICK *vs.* CHARLES PORTER.

In an action of tort for deceit in the sale of property, other representations, made by the defendant at the time of making those set forth in the declaration, and respecting the same subject matter, are admissible in evidence, for the purpose of enabling the jury to judge more accurately of the meaning of the words relied upon to sustain the action.

An action of tort for deceit in the sale of property does not lie for false and fraudulent representations concerning profits that may be made from it in the future.

If the declaration in an action of tort for deceit in the sale of property sets forth some representations made by the defendant which are actionable, and some which are not, a new trial will not be granted, after a verdict for the plaintiff, on account of an instruction to the jury that "the plaintiff can maintain his action only by proof that he was induced to purchase the property by one or more of the representations alleged in the declaration to be false and fraudulent, and proved to be such," if the judge did not further instruct them that the plaintiff might maintain his action by proof of those representations which are not actionable.

TORT for deceit in the sale of a quartz lode and quartz mill. The declaration set forth " that the defendant sold to him one fourth part of a certain quartz lode and quartz mill, situated in the State of California, and to induce the plaintiff to buy the same the defendant falsely represented to him that the said mill

could crush eight tons of rock in twelve hours, at the average yield of $10 a ton in wet crushing; that he was about to change the mill to dry crushing, and that when so changed it would pay $25 per ton, and would crush eight tons in twelve hours; that the expenses were from thirty to thirty-five dollars only for twelve hours in working the lode and running the mill; and the defendant warranted the plaintiff that such one fourth part would yield to him (the plaintiff) a net income of five thousand dollars per year, or fifteen thousand dollars in three years, if the plaintiff would purchase the same, leave his home in Massachusetts, and go to California."

At the trial in the superior court, before *Brigham*, J., the jury returned a verdict for the plaintiff, and the defendant alleged exceptions. The bill of exceptions stated that " the plaintiff offered his own deposition, and various questions and answers were as follows: '10. State what, if any, inducement was offered to you by the defendant to purchase said interest?' ' Answer. The inducement I had to purchase was, the assurance from the defendant that his rock was paying $30 per ton; [that he could guarantee it to pay $25 a ton; that, if it did not, he would cancel the trade, and give me back the purchase-money.]' 12. State upon whom you relied in making said purchase? And why?' ' Answer. I relied on Porter, the defendant, [and for the reason, I thought I was incurring no risk, as he repeatedly assured me that I should be satisfied.]' '14. What, if anything, did Porter say in regard to the yield of his lode, and in regard to the crushing, and what in regard to expenses? [and what, if anything, in regard to the profit to be realized?]' ' Answer. He told me that his mill could dry-crush 16 tons in the 24 hours; [and that he could guarantee to me that it would yield $25 per ton.]' '19. Did he say anything to you about the mill and lode in Boston, or the yield or expenses and profit, and what? State fully.' ' Answer. Nearly all the conversations had with him were in Boston or Cambridge. It was there the bargain was made, and my answers to interrogatories 14, 15, 16 and 17, contain the substance of what he said to me. [He said that he knew that the one fourth part of the profits of the

mill, with my labor, and that of my son, would amount to at least $15,000 in three years, and that he would guarantee it would do so.]'

" To the admission of so much of these questions and answers as is contained in brackets, the defendant, by his counsel, objected; but the judge admitted it all.

" In the course of his charge, the judge instructed the jury that the plaintiff could maintain his action only by proof that he was induced to purchase the property described in the declaration by one or more of the representations alleged in the declaration to be false and fraudulent, and proved to be such; that a representation that the plaintiff would find money to his credit in California might be considered in connection with the representation that the property purchased was free from debt; and that any other representation made by the defendant in the course of the negotiation and relating to the property, not alleged, might be considered, so far as it tended to give force and inducement to and to produce confidence in the representations alleged."

*J. C. Park*, (*A. Russ* with him,) for the defendant.

*S. J. Thomas*, for the plaintiff.

CHAPMAN, J. As this is an action for deceit, it was proper that the plaintiff should prove all that the defendant said at the time he made the representations complained of, though only the words relied on were set forth in the declaration; because the jury, by hearing the whole, would be able to judge more accurately of the meaning of the words set forth. The accompanying language would show, either that the words were to be qualified, or to be taken without any qualification, and allowed their full force. It was proper also for the plaintiff to prove that he relied on the representations set forth, and was induced by them to make the purchase. Thus the evidence objected to was admissible.

In charging the jury, if the judge had stated that the representations made by the defendant relative to the further profits that might be made were a good cause of action, it would have been erroneous. But we do not understand that he did so, by

that portion of the charge which is reported. While it is some‑ what ambiguous, it apparently relates to the evidence of the words of the defendant which had been proved in the case, but not stated in the declaration. In reference to them, it was proper to say that the plaintiff could maintain his action only by proof that he was induced to purchase the property by one or more of the representations alleged in the declaration to be false and fraudulent, and proved to be such ; and that any other representation made by the defendant in the course of the nego‑ tiation and relating to the property, not alleged, might be con‑ sidered, so far as it tended to give force and inducement to and to produce confidence in the declarations alleged.

If the judge went further, and stated positively that the plain‑ tiff could maintain his action by proof of the alleged declara‑ tions of the defendant as to future profits, the defendant should have caused that part of the charge to be inserted in his bill of exceptions. We cannot assume, from the single sentence ex‑ tracted from the charge, and using negative language, that he did thus instruct the jury. *Exceptions overruled.*